IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IP INNOVATION L.L.C. AND TECHNOLOGY LICENSING CORPORATION, | Case No. 2:07cv503-LED |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| GOOGLE, INC.., | |
| Defendant . | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, IP Innovation L.L.C. and Technology Licensing Corporation (collectively "Plaintiffs") complain of defendant Google Inc. ("Google") as follows:

1.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

2.    IP Innovation L.L.C. ("IPI") is a Texas limited liability company with a place of business at 707 Skokie Boulevard, Suite 600, Northbrook, IL 60062.

3.    Technology Licensing Corporation ("TLC") is a Nevada corporation with a principal place of business at 1000 E. William Street, Suite 204, Carson City, Nevada 89701.

4.    Together, Plaintiffs own the right, title and interest in and have standing to sue for infringement of: United States Patent No. 5,276,785 (the "'785 Patent") entitled "Moving Viewpoint With Respect to a Target in a Three Dimensional Workspace" which issued on January 4, 1994 and United States Patent No. 5,675,819 (the "'819 Patent) entitled "Document

Information Retrieval Using Global Word Co-Occurrence Patterns" which issued on October 7, 1997. The '785 Patent, and '819 Patent are attached hereto as Exhibit A and B, respectively.

5.      On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 AmphitheaterParkway, Mountain View, California, 94043. Google has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

6.      Google transacts substantial business in this judicial district and has committed acts of infringement in this judicial district, at least by soliciting advertising from Texas companies and by operating websites and conducting business over those websites that are accessible to residents of Texas, including the Google Search Appliance which infringes the '819 patent and the Google Earth feature which infringes the '785 patent.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

8.      Google has infringed, and is now at least directly infringing, at least claim 1 of the '819 Patent and is infringing at least claim 1 of the '785 Patent through, among other activities, the manufacture, use, sale and/or offer for sale of Google Search Appliance product or service (in the case of the '819 patent) and the Google Earth service (in the case of the '785 patent). Google has infringed the '819 and '785 patents by knowingly and actively inducing others to infringe, by contributing to the infringement of others and by intentionally aiding, assisting and encouraging the infringement of others through the use, sale, and offer for sale of its Google Search Appliance and Google Earth products and services.   Copies of the claim charts asserting infringement on the '785 and '819 patents are attached as Exhibit C and D, respectively, and are incorporated by reference.

9.    Google's infringement, contributory infringement and inducement to infringe has injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

10.    Google has received notice of its infringement of the '819 Patent and '785 patent pursuant to 35 U.S.C. §287.

11.    Google's infringement, contributory infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure Plaintiffs, unless and until this Court enters and injunction prohibiting further infringement of the '819 Patent and '785 Patent.

WHEREFORE, Plaintiffs IP Innovation LLC and Technology Licensing Corporation respectfully request this Court enter judgment against defendant Google, Inc., and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

A.  The entry of judgment in favor of Plaintiffs and against the defendant;

B.  An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, together with prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C.  A finding that Google's infringement has been willful and an award of increased damages as provided by 35 U.S.C. § 284;

D.  A finding the Google's infringement has been willful and an award of increased damages as provided by 35 U.S.C. § 285;

E.  A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the '819 Patent and the '785 Patent; and,

F.  Such other relief that Plaintiffs are entitled to under law and any other further relief that this Court or a jury may deem just and proper.

## Jury Demand

Plaintiffs demand a trial by jury on all issues presented in this complaint.

Respectfully submitted,

T. John Ward Jr.
State Bar No. 00794818

Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: jw@jwfirm.com

Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
ema@emafirm.com
jas@emafirm.com

ATTORNEYS FOR PLAINTIFF