UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IP INNOVATION L.L.C. AND<br>TECHNOLOGY LICENSING CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ CASE NO. 2:07CV-503-LED<br>§<br>§ JURY TRIAL REQUESTED<br>§<br>§<br>§<br>§ |

**DEFENDANT GOOGLE INC.'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Google Inc. ("Google"), hereby answers the Complaint of IP Innovation L.L.C. and Technology Licensing Corporation (collectively, "Plaintiffs") as follows:

**ANSWER**

1.  Google admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that Plaintiffs are entitled to any relief. No answer is required to the remaining allegations contained in paragraph 1, which merely consist of conclusions of law.

2.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis denies those allegations.

3.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis denies those allegations.

1167.00003/357712.1

4. Google admits that United States Patent No. 5,276,785 ("the '785 patent"), entitled "Moving Viewpoint with Respect to a Target in a Three-Dimensional Workspace," issued on January 4, 1994, admits that United States Patent No. 5,675,819 ("the '819 patent"), entitled "Document Information Retrieval Using Global Word Co-Occurrence Patterns," issued on October 7, 1997, admits that copies of the '785 and '819 patents purport to be attached to the Complaint as Exhibits A and B, respectively, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4, and on that basis denies those allegations.

5. Google admits the allegations of paragraph 5.

6. Google admits that it transacts business in this judicial district. Google denies that it has committed any acts of infringement in this judicial district, or in any other district. Google denies any remaining allegations of paragraph 6.

7. No answer is required to the allegations contained in paragraph 7, which merely consist of conclusions of law.

8. Google admits that copies of claim charts asserting infringement on the '785 and '819 patents purport to be attached as Exhibits C and D, respectively, to the Complaint, and Google denies the remaining allegations contained in paragraph 8.

9. Google denies the allegations of paragraph 9.

10. Google admits that it received correspondence from Plaintiffs on or after September 27, 2007 in which Plaintiffs offered to discuss with Google a potential license of the '785 and '819 patents. No answer is required to the allegation of whether Google received notice of infringement pursuant to 35 U.S.C. § 287 because such an allegation merely consists of conclusions of law; to the extent such an answer is required, Google denies the allegation.

11.   Google denies the allegations of paragraph 11.

## PRAYER FOR RELIEF

Google denies that Plaintiffs are entitled to the relief requested on pages 3-4 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs lack standing to sue for infringement of the '785 and '819 patents.

## SECOND AFFIRMATIVE DEFENSE

Google has not infringed, induced infringement or contributed to infringement of the '785 or '819 patents.

## THIRD AFFIRMATIVE DEFENSE

The '785 and '819 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287, and Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with their action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot prove that this is an exceptional case justifying an award of attorneys' fees against Google pursuant to 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

## ADDITIONAL DEFENSES RESERVED

Google reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future.

## COUNTERCLAIMS

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Google, by way of Counterclaims against Plaintiffs, alleges:

1.  This is an action in counterclaim for a declaratory judgment that Google does not infringe the U.S. Patent Nos. 5,276,785 ("the '785 patent") and 5,675,819 ("the '819 patent") and that the '785 and '819 patents are invalid.

## THE PARTIES

2.  Google is a Delaware corporation having its corporate headquarters and principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

3.  Upon information and belief, IP Innovation L.L.C. is a Texas limited liability company with a place of business at 707 Skokie Boulevard, Suite 600, Northbrook, Illinois 60062.

4.  Upon information and belief, Technology Licensing Corporation is a Nevada corporation having a principal place of business at 1000 E. William Street, Suite 204, Carson City, Nevada, 89701.

## JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 101, 102, 103, 112 *et seq.* and under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiffs are subject to personal jurisdiction in this judicial district.

## COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8. Google incorporates the allegations contained in paragraphs 1-7 of the Counterclaims as if fully set forth here.

9. Plaintiffs have claimed that they own the '785 and '819 patents, and that Google infringes those patents.

10. An actual and justiciable controversy exists between the parties with respect to the alleged infringement of the '785 and '819 patents.

11. Google does not infringe and has not infringed any claims of the '785 and '819 patents.

12. Google is entitled to a declaratory judgment that it does not infringe and has not infringed any claims of the '785 and '819 patents.

## COUNT II - DECLARATORY JUDGMENT OF INVALIDITY

13. Google incorporates the allegations contained in paragraphs 1-12 of the Counterclaims as if fully set forth here.

14. An actual and justiciable controversy exists between the parties with respect to the validity of the '785 and '819 patents.

15. The '785 and '819 patents are invalid under one or more provisions of 35 U.S.C. § 101 *et seq*.

16. Google is entitled to a declaratory judgment that the '785 and '819 patents are invalid.

## REQUEST FOR RELIEF

**WHEREFORE**, Google respectfully requests that this Court enter judgment:

A. In favor of Google denying Plaintiffs all relief requested in this action and dismissing Plaintiffs' Complaint with prejudice;

B. Declaring the '785 and '819 patents are not and have not been infringed by Google;

C. Declaring the '785 and '819 patents invalid;

D. Declaring that this is an exceptional case justifying award of attorneys' fees against Plaintiffs pursuant to 35 U.S.C. § 285; and

E. Ordering such further relief to Google as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Google demands a jury trial on all claims so triable.

1167.00003/357712.1

Dated: March 19, 2008                     Respectfully submitted,

By: /s/ David J. Beck
    David J. Beck
    Texas Bar No. 00000070
    dbeck@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)

**LEAD ATTORNEY FOR DEFENDANT AND COUNTER-CLAIM PLAINTIFF GOOGLE INC.**

OF COUNSEL:

Michael E. Richardson
Texas Bar No. 24002838
mrichardson@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, Texas 77010
(713) 951-3700
(713) 951-3720 (Fax)

Mark G. Matuschak (admitted *pro hac vice*)
Richard A. Goldenberg (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (Fax)

John H. Hintz (admitted *pro hac vice*)
Victor F. Souto (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800
(212) 230-8888 (Fax)

- 7 -

Elizabeth I. Rogers (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, CA 94304
(650) 858-6042
(650) 858-6100 (FAX)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ Michael E. Richardson
Michael E. Richardson