IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IP INNOVATION L.L.C. AND ) <br> TECHNOLOGY LICENSING CORPORATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> GOOGLE, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:07cv503-LED <br><br> **PLAINTIFF'S REPLY TO DEFENDANT GOOGLE'S COUNTERCLAIMS** <br><br> JURY TRIAL DEMANDED |

Plaintiffs reply to Defendant Google, Inc.'s (Google) counterclaims as follows:

### COUNTERCLAIMS

1.      This is an action in counterclaim for a declaratory judgment that Google does not infringe the U.S. Patent Nos. 5,276,785 ("the '785 patent") and 5,675,819 ("the '819 patent") and that the '785 and '819 patents are invalid.

**RESPONSE:**

Admitted that Google purports to state such a claim.  Otherwise, denied.

### THE PARTIES

2.      Google is a Delaware corporation having its corporate headquarters and principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

**RESPONSE:**

Admitted.

3.      Upon information and belief, IP Innovation L.L.C. is a Texas limited liability company with a place of business at 707 Skokie Boulevard, Suite 600, Northbrook, Illinois 60062.

**RESPONSE:**

Admitted.

1

4. Upon information and belief, Technology Licensing Corporation is a Nevada corporation having a principal place of business at 1000 E. William Street, Suite 204, Carson City, Nevada, 89701.

**RESPONSE:**

Admitted.

### JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 101, 102, 103, 112 et seq. and under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202.

**RESPONSE:**

Admitted.

6. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:**

Admitted.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiffs are subject to personal jurisdiction in this judicial district.

**RESPONSE:**

Admitted that venue is proper. Otherwise, denied.

### COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8. Google incorporates the allegations contained in paragraphs l-7 of the Counterclaims as if fully set forth here.

**RESPONSE:**

Plaintiffs incorporate their responses to paragraphs 1-7 as if they were fully set forth herein.

9. Plaintiffs have claimed that they own the '785 and '819 patents, and that Google infringes those patents.

**RESPONSE:**

Admitted that Plaintiffs own the right, title and interest in and have standing to sue for infringement of the '785 and '819 patents.

10. An actual and justiciable controversy exists between the parties with respect to the alleged infringement of the '785 and '819 patents.

**RESPONSE:**

Admitted.

11. Google does not infringe and has not infringed any claims of the '785 and '819 patents.

**RESPONSE:**

Denied.

12. Google is entitled to a declaratory judgment that it does not infringe and has not infringed any claims of the '785 and '819 patents.

**RESPONSE:**

Denied.

### COUNT II - DECLARATORY JUDGMENT OF II\INVALIDITY

13. Google incorporates the allegations contained in paragraphs 1-12 of the Counterclaims as if fully set forth here.

**RESPONSE:**

Plaintiffs incorporate their responses to paragraphs 1-12 as if they were fully set forth herein.

14. An actual and justiciable controversy exists between the parties with respect to the validity of the '785 and '819 patents.

**RESPONSE:**

Admitted that Google purports to state a claim regarding the validity of the '785 and '819 patents. Otherwise, denied.

15. The '785 and '819 patents are invalid under one or more provisions of 35 U.S.C. § 101 et seq.

**RESPONSE:**

Denied.

16. Google is entitled to a declaratory judgment that the '785 and '819 patents are invalid.

**RESPONSE:**

Denied.

## PLAINTIFFS' AFFIRMATIVE DEFENSES TO GOOGLE

1. Google's purported counterclaims fail to state a basis upon which relief can be granted.

2. Plaintiffs reserve their rights to supplement their affirmative defenses as permitted by the Federal Rules of Civil Procedure.

**JURY DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

/s/Douglas M. Hall
Raymond P. Niro
Joseph N. Hosteny
Arthur A. Gasey
Paul C. Gibbons
Douglas M. Hall
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois  60602
Telephone:  (312) 236-0733
Facsimile:  (312) 236-3137

T. John Ward
Ward & Smith
111 W. Tyler St.
Longview, Texas 75601
Telephone:  (903) 757-6400
Toll Free (866) 305-6400
Facsimile: (903) 757-2323

ATTORNEYS FOR IP INNOVATION L.L.C. and TECHNOLOGY LICENSING CORPORATION

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that the foregoing **PLAINTIFF'S REPLY TO DEFENDANT GOOGLE'S COUNTERCLAIMS** was filed with the Clerk of the Court on April 4, 2008 using the CM/ECF system, which will send notification of such filing to the following at their email address on file with the Court.

| | |
|---|---|
| David J. Beck<br>Texas Bar No. 00000070<br>dbeck@brsfinn.com<br>Michael E. Richardson<br>Texas Bar No. 24002838<br>mrichardson@brsfirm.com<br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney St., Suite 4500<br>Houston, Texas 77010<br>(713) 951-3700<br>(713) 951-3720 (Fax) | Mark G. Matuschak<br>Richard A. Goldenberg<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000<br>(617) 526-5000 (Fax) |
| John H. Hintz<br>Victor F. Souto<br>Ross E. Firsenbaum<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY 10022<br>(212) 230-8800<br>(212) 230-8888 (Fax) | Elizabeth I. Rogers<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1117 California Avenue<br>Palo Alto, CA 94304<br>(650) 858-6042 |

                                                     /s/Douglas M. Hall