**PETER E. HEUSER, OSB No. 811281**
**e-mail: heuser@khpatent.com**
KOLISCH HARTWELL, P.C.
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Phone: 503-224-6655
Facsimile: 503-295-6679

**RAYMOND P NIRO**
**e-mail: rniro@nshn.com**
**JOSEPH N HOSTENY**
**e-mail:  hosteny@nshn.com**
**PAUL C GIBBONS**
**e-mail: gibbons@nshn.com**
**DAVID J MAHALEK**
**e-mail: mahalek@nshn.com**
NIRO SCAVONE HALLER & NIRO
181 W Madison, Ste 4600
Chicago , Illinois 60602
Phone: 312-236-0733
Fax: 1-312-236-3137

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IP INNOVATION L.L.C., and TECHNOLOGY LICENSING CORPORATION<br><br>            Plaintiffs,<br><br>   v.<br><br>GOOGLE ,INC.,<br><br>            Defendant. | Case No. 07CV-503-RRR<br><br>**IP INNOVATION'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P 26(C), AND MEMORANDUM IN SUPPORT OF SAME** |

### IP INNOVATION'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P 26(C), AND MEMORANDUM IN SUPPORT OF SAME

Pursuant to local rule 7.1, the parties have made a good faith effort through telephone conferences to resolve the dispute at hand, and have been unable to do so.

This is a motion for a protective order regarding a subpoena on a third party issued out of the District of Oregon for a third party where: 1) the third party was not previously identified; 2)

the deposition was scheduled on short (10 days) notice; and 3) Google's sole stated need for the deposition, once pressed for an explanation, was to authenticate an article from Google's website published in 2008. This subpoena is untimely, unnecessary, and places an undue burden on the Plaintiffs. Fortunately, the Federal Rules have a mechanism for dealing with such a deposition:

> *Deposition Taken on Short Notice.* A deposition must not be used against a party who, having received less than 14 days notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place — and this motion was still pending when the deposition was taken.

Fed. R. Civ. P. 32(a)(5)(A). This is not a deposition that needs to be taken on January 15th. Google has proposed – and IP Innovations has agreed – to jointly move the Court in their case to extend the close of fact discovery back by two weeks. The burden placed upon the Plaintiffs is in the distraction it causes to the Plaintiffs and their counsel, who are busy preparing supplemental expert reports due the same day. The Plaintiffs' counsel met and conferred promptly with the lawyers for Google late on Tuesday, January 12th about the taking of this deposition. Plaintiffs made clear their intent to rely upon their rights to object to the use of any testimony by Mr. Smith against them pursuant to Fed. R. Civ. P. 32(a)(5)(A). Of course, the Plaintiffs cannot stop Google from going forward with this deposition tomorrow. But Plaintiffs can preserve their legitimate rights to stop and untimely and unfair deposition. Thus, Plaintiffs respectfully request a Protective Order barring this deposition, or at least barring any reliance upon or use of such testimony by Google pursuant to Fed. R. Civ. P. 26(c). The specific facts supporting this motion are as follows.

The underlying dispute to this motion is a patent infringement suit filed in 2007 by Plaintiffs IP Innovation LLC and Technology Licensing Corporation versus Google over two patents which the Plaintiffs had acquired from Xerox. Fact discovery currently is set to close on

January 15, 2010.  Google had provided a number of initial disclosures, the most recent of which it served during December, 2009, and had identified the names and subject matters for 50 different potential fact witnesses.  On Tuesday, January 5th, Google Inc. informed Plaintiff IP Innovation for the first time that it intended to depose an individual known only as "Chris Smith."(Smith Subpoena, Exh. A).  Mr. Smith was not listed among its 50 potential witnesses. (Dec. 2009 Supplemental Initial Disclosures, Exh. B).  Worse, Google proposed to take his deposition January 15th, 2010, which also happened to be the date which Plaintiffs' supplemental expert reports were due.  When the Plaintiffs inquired later that same week as to who Mr. Smith was, Google provided an article from its own web site dated from 2008, which purports to include comments by Mr. Smith about a branch of Xerox purchasing a Google Search Appliance (one of the accused products) for use.  The Plaintiffs' lawyers pushed promptly for a meet and confer, which Google provided late on Tuesday, January 12th.

In that meet and confer, the Plaintiffs agreed with Google's request to file a joint motion to extend discovery.  The Plaintiffs also agreed to work with Google to negotiate the admissibility and authenticity of the Google web page quoting Mr. Smith as of a larger negotiation of potential trial exhibits.  Google declined that offer.  The Plaintiffs then informed Google that it would move to preserve their rights under Fed. R. Civ. P. 32(a)(5)(A).

Google has no explanation for why it didn't produce its own 2008 webpage earlier.  It has no excuse for failing to identify Mr. Smith along with its 50 other potential witnesses.  It has no excuse to waiting until 10 days before its proposed deposition for producing its subpoena, or waiting even longer to explain the relevance or need for his testimony.  Nor can Google dispute the burden it has put upon the Plaintiffs.  Because of the coincident date of expert supplemental reports on January 15th, Plaintiffs will not be able to attend the deposition in person.  Thus,

pursuant to Fed. R. Civ. P. 26 (c) and 32(a)(5)(A), Plaintiffs respectfully request that the Court quash Google's untimely subpoena, or in the alternative, bar Google's use of such testimony against the Plaintiffs.

DATED: January 14, 2010

KOLISCH HARTWELL, P.C.


 /s/ Peter E. Heuser
Peter E. Heuser, OSB No. 811281
E-mail : heuser@khpatent.com
KOLISCH HARTWELL, P.C.
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone:  503-224-6655
Facsimile:   503-295-6679

Raymond P. Niro
Joseph N. Hosteny
Arthur A. Gasey
Paul C. Gibbons
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Phone:  312-236-0733
Fax:  312-236-313

*of attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of IP INNOVATION'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P 26(C) AND MEMORANDUM IN SUPPORT OF SAME was served on January 14, 2010, upon the following:

David J Beck
Beck Redden & Secrest
1221 McKinney St, Suite 4500
One Houston Center
Houston , TX 77010-2020
713/951-3700
Fax: 17139513720
Email: dbeck@brsfirm.com

Mark G. Matuschak (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (Fax)

John M. Hintz (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800
(212) 230-8888 (Fax)

Elizabeth Rogers Brannen (admitted *pro hac vice*)
Anna T. Lee (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, CA 94304
(650) 858-6042
(650) 858-6100 (Fax)

*of attorneys for Defendant*

via first class mail and electronic mail.

 /s/  Peter E. Heuser
Peter E. Heuser, OSB No. 811281
*Of Attorneys for Plaintiffs*

**PETER E. HEUSER, OSB No. 811281**
**e-mail: heuser@khpatent.com**
KOLISCH HARTWELL, P.C.
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Phone: 503-224-6655
Facsimile: 503-295-6679

**RAYMOND P NIRO**
**e-mail: rniro@nshn.com**
**JOSEPH N HOSTENY**
**e-mail:  hosteny@nshn.com**
**PAUL C GIBBONS**
**e-mail: gibbons@nshn.com**
**DAVID J MAHALEK**
**e-mail: mahalek@nshn.com**
NIRO SCAVONE HALLER & NIRO
181 W Madison, Ste 4600
Chicago , Illinois 60602
Phone: 312-236-0733
Fax: 1-312-236-3137

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IP INNOVATION L.L.C., and TECHNOLOGY LICENSING CORPORATION<br><br>     Plaintiffs,<br><br>  v.<br><br>GOOGLE ,INC.,<br><br>     Defendant. | Case No. 07CV-503-RRR<br><br>**DECLARATION OF PETER E. HEUSER IN SUPPORT OF IP INNOVATION'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P 26(C), AND MEMORANDUM IN SUPPORT OF SAME** |

  1.  I am an attorney in the firm of Kolisch Hartwell, P.C. I am a member of the Oregon Bar and of this Court. I am local counsel for plaintiffs IP Innovation L.L.C and Technology Licensing Corporation ("Plaintiffs") in the present action.

  2.  Attached hereto as Exhibit A is true and correct copy of GOOGLE INC.'S NOTICE OF SUBPOENA FOR TESTIMONY TO CHRIS SMITH.

3.      Attached hereto as Exhibit B is true and correct copy of GOOGLE INC.'S THIRD SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1).

4.      The undersigned being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements and the like may jeopardize the validity of the application or document or any registration resulting therefrom, declares that all statements made of his own knowledge are true; and all statements made on information and belief are believed to be true.

DATED this 14th day of January, 2010

KOLISCH HARTWELL, P.C.

  _/s/_ Peter E. Heuser
Peter E. Heuser, OSB No. 811281
E-mail :  heuser@khpatent.com
KOLISCH HARTWELL, P.C.
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone:  503-224-6655
Facsimile:  503-295-6679

Raymond P. Niro
Joseph N. Hosteny
Arthur A. Gasey
Paul C. Gibbons
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Phone:  312-236-0733
Fax:  312-236-313

*of attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DECLARATION OF PETER E. HEUSER IN

SUPPORT OF IP INNOVATION'S MOTION FOR A PROTECTIVE ORDER PURSUANT

TO FED.R.CIV.P 26(C), AND MEMORANDUM IN SUPPORT OF SAME was served on

January 14, 2010 upon the following:


David J Beck
Beck Redden & Secrest
1221 McKinney St, Suite 4500
One Houston Center
Houston , TX 77010-2020
713/951-3700
Fax: 17139513720
Email: dbeck@brsfirm.com

Mark G. Matuschak (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (Fax)

John M. Hintz (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800
(212) 230-8888 (Fax)

Elizabeth Rogers Brannen (admitted *pro hac vice*)
Anna T. Lee (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
1117 California Avenue
Palo Alto, CA 94304
(650) 858-6042
(650) 858-6100 (Fax)

*of attorneys for Defendant*

via first class and electronic mail.

/s/  Peter E. Heuser
Peter E. Heuser, OSB No. 811281
Of Attorneys for Plaintiff

# EXHIBIT A

## TO

## IP INNOVATION'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| IP INNOVATION L.L.C. AND | § | |
| TECHNOLOGY LICENSING CORPORATION, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CASE NO. 2:07-CV-503-LED |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| GOOGLE INC., | § | |
| | § | |
| Defendant. | § | |

## GOOGLE INC.'S NOTICE OF SUBPOENA FOR TESTIMONY TO CHRIS SMITH

PLEASE TAKE NOTICE that, pursuant Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Google Inc. ("Google") in the above-captioned action, through its undersigned counsel, hereby gives notice that the attached subpoena for testimony is being served on Chris Smith. A copy of the subpoena is attached to this notice.

The deposition will commence at 9:00 am on January 15, 2010 at the law offices of Tonkon Torp LLP or at such other time, date and place as may be mutually agreed.

Dated: January 5, 2010

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP

By: /s/ Anna T. Lee

David J. Beck
Texas Bar No. 00000070
dbeck@brsfirm.com
Michael E. Richardson
Texas Bar No. 24002838
mrichardson@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)

Mark G. Matuschak (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (Fax)

John M. Hintz (admitted *pro hac vice*)
Victor F. Souto (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800
(212) 230-8888 (Fax)

Elizabeth Rogers Brannen (admitted *pro hac vice*)
Anna T. Lee (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, CA 94304
(650) 858-6042
(650) 858-6100 (Fax)

**ATTORNEYS FOR DEFENDANT AND COUNTER-CLAIM PLAINTIFF GOOGLE INC.**

US1DOCS 7407076v1

## Issued by the

# UNITED STATES DISTRICT COURT

### District of Oregon

IP Innovation L.L.C. AND Technology License Corporation

V.

Google Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  Misc. 2:07-CV-503-LED (E.D. Tex.)

TO: Chris Smith
2343 NW Pettygrove St.
Portland, OR 97210

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Tonkon Torp LLP, 1600 Pioneer Tower, 888 SW Fifth Avenue, Portland, OR 97204 | DATE AND TIME  1/15/2010 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Defendant | DATE  1/4/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anna T. Lee, Wilmer Cutler Pickering Hale & Dorr LLP, 1117 S. California Avenue, Palo Alto, CA 94304, (650) 858-6048

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **GOOGLE INC.'S NOTICE OF SUBPOENA FOR TESTIMONY TO CHRIS SMITH** was served in compliance with the Federal Rules of Civil Procedure by the method of service indicated on this 5th day of January, 2010 to:

T. John Ward
jw@jwfirm.com
Jack Wesley Hill
wh@jwfirm.com
Ward & Smith
111 W. Tyler St.
Longview, TX 75601
Telephone:       (903) 757-6400
Facsimile:       (903) 757-2323
*Via Electronic Mail*

Eric M. Albritton
ema@emafirm.com
Attorney at Law
P.O. Box 2649
Longview, TX 75606
Telephone:       (903) 757-8449
Facsimile:       (903) 758-7397
*Via Electronic Mail*

Raymond P. Niro
rniro@nshn.com
Joseph N. Hosteny
hosteny@nshn.com
Arthur A. Gasey
gasey@nshn.com
Paul C. Gibbons
gibbons@nshn.com
Douglas M. Hall
dhall@nshn.com
David J. Mahalek
mahalek@nshn.com
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, IL 60602
Telephone:       (312) 236-0733
Facsimile:       (312) 236-3137
*Via Electronic Mail*

                                        /s/ Anna T. Lee

US1DOCS 7407076v1

# EXHIBIT B

## TO

## IP INNOVATION'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c)

IP INNOVATION L.L.C. AND
TECHNOLOGY LICENSING CORPORATION,

§
§
§
§
§
§

Plaintiffs,

§

CASE NO. 2:07CV-503-LED

v.

§
§

JURY TRIAL REQUESTED

GOOGLE INC.,

§
§

Defendant.

§
§

---

## GOOGLE INC.'S THIRD SUPPLEMENTAL
## INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Local Rules and Patent

Rules of this Court, and in accordance with Paragraph 1 of the Discovery Order, dated June 2,

2008, Defendant and Counterclaim-Plaintiff Google Inc. ("Google") provides the following third

supplemental initial disclosures to Plaintiffs and Counterclaim-Defendants IP Innovation L.L.C.

and Technology Licensing Corporation ("Plaintiffs").

These disclosures represent Google's current, best information regarding information

relevant to disputed facts alleged in the pleadings and based on Google's ongoing investigation

into Plaintiffs' current allegations. At this time, discovery is in progress and the parties have not

completed document production. Google therefore reserves the right to modify or supplement

these disclosures if and when additional information becomes available.

These disclosures are not intended to and do not constitute admissions as to relevance or

admissibility of the information disclosed, and are made without any waiver of attorney-client

privilege, work-product protection or any other applicable protection or immunity. Furthermore,

Google makes these disclosures without waiving any of its rights, including but not limited to:

(1) the right to object on the grounds of privilege, hearsay, competence, relevance or any other proper ground; (2) the right to object to the use of any disclosed information for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action; and (3) the right to object on any and all proper grounds to any other discovery request or proceeding involving or relating to the subject matter of these disclosures consistent with the Federal Rules of Civil Procedure, Local Rules, Patent Rules and Discovery Order.

## I.      Correct Names of the Parties

"Google Inc." is the full, correct name of Defendant and Counterclaim-Plaintiff.

## II.     Identities of Potential Parties

Google is unaware of any potential parties to the instant litigation at this time.

## III.    Legal Theories and Factual Bases

### A.      Lack of Standing

Google contends that the Plaintiffs lack standing to have filed this lawsuit asserting infringement of United States Patent Nos. 5,276,785 ("the '785 patent") and 5,675,819 ("the '819 patent") (collectively, "the IP Patents").  Google incorporates by reference its Motion to Dismiss for Lack of Standing, Document No. 50, filed on January 5, 2009, and its Reply in support thereof, which will be filed on February 20, 2009.

### B.      Google's Invalidity Counterclaims and Affirmative Defenses:

Google contends that the IP Patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 *et seq*.

The factual bases for these contentions include, without limitation and subject to the receipt, review and/or preparation of the same:

- prior art to the IP Patents;
- the prosecution histories of the IP Patents;
- the prior commercial use of the invention claimed in the IP Patents;

- the prosecution history of the counterpart European Patent Application for the IP Patents;

- the testimony of fact and expert witnesses regarding the prosecution of the IP Patents and the understanding of one of ordinary skill in the art;

- Google's Preliminary and any Supplemental and/or Final Invalidity Contentions; and

- other information that may be discovered in the course of this litigation.

**C.      Google's Non-infringement Counterclaims and Affirmative Defenses:**

Google contends that it does not directly, indirectly or willfully infringe the IP Patents.

The factual bases for these contentions include, without limitation and subject to the receipt,

review and/or preparation of the same:

- documents that will be produced by Google evidencing the structure, function, and operation of the Accused Instrumentalities;

- the testimony of fact and expert witnesses regarding the structure, function, and operation of the Accused Instrumentalities;

- Google's Preliminary and any Supplemental and/or Final Invalidity Contentions; and

- other information that may be discovered in the course of this litigation.

**D.      Google's Additional Affirmative Defenses**

Google contends that Plaintiffs' claim of infringement of the '785 patent is barred by

laches.  The factual bases for this contention include, without limitation and subject to the

receipt, review and/or preparation of the same:

- documents that will be produced by Google evidencing the structure, function, operation, marketing, and sales of the Accused Instrumentalities;

- the testimony of fact and expert witnesses regarding the structure, function, operation, marketing, and sales of the Accused Instrumentalities and knowledge of the same possessed by the public, Plaintiffs and other relevant persons;

- Google's Preliminary and any Supplemental and/or Final Invalidity Contentions; and

- other information that may be discovered in the course of this litigation.

## IV.    **Individuals Likely to Have Discoverable Information**

The following individuals and entities may have discoverable information relevant to disputed facts alleged with particularity in the pleadings:

### A.    **Google Officers and Employees**

Unless otherwise noted, the following individuals are located at:

> Google Inc.
> 1600 Amphitheatre Parkway
> Mountain View, CA 94043
> (650) 253-0000

1.    David Elworthy – Mr. Elworthy is a Software Engineer at Google; he may have information concerning the structure and operation of one of the Accused Instrumentalities (GSA) and its history and development.

2.    Steve Baker – Mr. Baker is a Software Engineer at Google; he may have information concerning the operation of certain aspects of one of the Accused Instrumentalities (GSA) and the history and development of those aspects.

3.    Peter Birch – Mr. Birch is a Product Manager at Google; he may have information concerning the structure and operation of one of the Accused Instrumentalities (Google Earth), its history and development, and certain related sales and marketing information.

4.    Dave Bercovich – Mr. Bercovich is a Product Manager at Google; he may have information concerning sales and marketing of one of the Accused Instrumentalities (GSA).

5.    Johnny Chen – Mr. Chen is a Manager of New Business Development at Google; he may have information concerning Google's intellectual property licensing generally, and licenses into which Google has entered concerning technologies applicable to the accused functionality of the Accused Instrumentalities.

6.    Sue Cozzo – Ms. Cozzo is a Finance Manager at Google; she may have information concerning sales, bookings, revenues, and profits (if any) generated by the Accused Instrumentalities.

7.    Jennie Lin – Ms. Lin is a Senior Financial Analyst at Google; she may have information concerning sales, revenues, and profits generated by one or more of the Accused Instrumentalities (Google Earth and Google Maps with Street View).

8.      Kris Brewer – Ms. Brewer is an Associate Discovery Counsel; she may have information concerning document preservation and document collection as it pertains to this litigation.

## B.    Plaintiffs' Officers and Employees

Unless otherwise noted, Google believes the following individuals to be located at:

Technology Licensing Corporation
1000 E. William Street, Suite 204
Carson City, NV 89701

1.      J. Carl Cooper – Mr. Cooper is believed to be located at Technology Licensing Corporation, 110 Knowles Drive, Los Gatos, CA 95032-1828, telephone number (408) 871-1975.  Upon information and belief, Mr. Cooper is a founder of Plaintiff, Technology Licensing Corporation. He may have information concerning:  Plaintiffs' corporate organization, structure, business partners and related companies; the prosecution, maintenance and related applications and patents of the patents-in-suit; patent licensing agreements between Plaintiffs and others; the ownership and exploitation of the patents-in-suit; and Plaintiffs' relationship to Google.

2.      Lois Walters – Ms. Walters is President, and Treasurer of Plaintiffs; she may have information concerning:  Plaintiffs' corporate organization, structure, business partners and related companies; the prosecution, maintenance and related applications and patents of the patents-in-suit; patent licensing agreements between Plaintiffs and others; the ownership and exploitation of the patents-in-suit; and Plaintiffs' relationship to Google.

3.      Janet Coulter – Ms. Coulter is the Corporate Secretary of Plaintiff Technology Licensing Corporation; she may have information concerning: Plaintiffs' corporate organization, structure, business partners and related companies; the prosecution, maintenance and related applications and patents of the patents-in-suit; patent licensing agreements between Plaintiffs and others; the ownership and exploitation of the patents-in-suit; and Plaintiffs' relationship to Google.

4.      Anthony O. Brown – Mr. Brown is affiliated with Acacia Technologies Group, the parent company of Plaintiff IP Innovation LLC, address and telephone number unknown.  He may have information concerning: Plaintiffs' corporate organization, structure, business partners and related companies; the prosecution, maintenance and related applications and patents of the patents-in-suit; patent licensing agreements between Plaintiffs and others; the ownership and exploitation of the patents-in-suit; and Plaintiffs' relationship to Google.

5.      One or more individuals with knowledge of the facts and circumstances surrounding Plaintiffs' alleged ownership of the IP Patents.

C.     **Third Parties**

1.     Jock Mackinlay – Mr. Mackinlay is believed to be located at 9857 NE 20th Street, Bellevue, WA 98004, telephone number (425) 451-9252. He is named on the face of the '785 patent as an inventor and may have information concerning:  the conception and reduction to practice of the invention claimed in the '785 patent; prior art to the '785 patent; and the assignment of the '785 patent.

2.     George C. Robertson – Mr. Robertson is believed to be located at 3416 19th Avenue South, Seattle, WA 98144, telephone number (206) 721-7721.  He is named on the face of the '785 patent as an inventor and may have information concerning: the conception and reduction to practice of the invention claimed in the '785 patent; prior art to the '785 patent; and the assignment of the '785 patent.

3.     Stuart K. Card – Mr. Card is believed to be located at 13023 La Cresta Drive, Los Altos, CA 94022, telephone number (650) 948-3504.  He is named on the face of the '785 patent as an inventor and may have information concerning: the conception and reduction to practice of the invention claimed in the '785 patent; prior art to the '785 patent; and the assignment of the '785 patent.

4.     One or more current or former employees of Microsoft Corporation.  Such a person (or persons) may have information concerning prior art to the '785 patent.

5.     Hinrich Schuetze – Mr. Schuetze is believed to be located at the University of Stuttgart, Azenbergstraße 12, 70174 Stuttgart, Germany, telephone number 49 711 6858 1379.  He is named on the face of the '819 patent as an inventor and may have information concerning: the conception and reduction to practice of the invention claimed in the '819 patent; prior art to the '819 patent; and the assignment of the '819 patent.

6.     W. Bruce Croft – Mr. Croft is located at Department of Computer Science, University of Massachusetts Amherst, 140 Governors Drive, Box 9264, Amherst, MA 01003-4610, telephone number (413) 545-0463.  He may be contacted only through Google's counsel in this case.  Mr. Croft may have information concerning prior art to the '819 patent.

7.     Gregory Grefenstette – Dr. Grefenstette is located at 8 rond point Voltaire, 78210 St Cyr l'Ecole, France, telephone number +33 130455097.  He may have information concerning prior art to the '819 patent.

8.     One or more current or former employees of Xerox Corporation and/or Xerox Corporation's Palo Alto Research Center ("PARC").  Such a person (or persons) may have information concerning the conception and reduction to practice of the inventions claimed in the IP Patents; prior art to the IP Patents; the assignment of the IP Patents; the prosecution,

maintenance and related applications and patents of the IP Patents; patent licensing agreements concerning the IP Patents; the ownership and exploitation of the IP Patents; and competitive information regarding products covered by the IP Patents.

9.     Yufeng Jing – Yufeng Jing is believed to be located at 2400 Skyline Dr. Apt. 1, Lowell, MA 01854, telephone number 978-937-7726. Yufeng Jing may have information concerning prior art to the '819 patent.

10.    Steve Gallant – Dr. Gallant is believed to be located at 40 Fenno Street, Cambridge, MA 02138. Dr. Gallant may have information concerning prior art to the '819 patent.

11.    William R. Caid – Mr. Caid is a named inventor of U.S. Patent No. 5,619,709. He is believed to be located in San Diego, California. Mr. Caid may have information concerning prior art to the '819 patent.

12.    Joel Carleton – The location of Mr. Carlton, who may have information concerning prior art to the '819 patent, is unknown.

13.    Robert Hecht-Nielsen – Mr. Hect-Nielsen is believed to be located at the Confabulation Neuroscience Laboratory at the University of California, San Diego, La Jolla, CA 92093, telephone number 858-534-2585. He may have information concerning prior art to the '819 patent.

14.    K. P. Qing – The location of K.P. Qing, who may have information concerning prior art to the '819 patent, is unknown.

15.    David Sudbeck – The location of Mr. Sudbeck, who may have information concerning prior art to the '819 patent, is unknown.

16.    Pu Oing – Pu Oing is a named inventor of U.S. Patent No. 5,619,709 who is believed to be located at 31861 Corte Positas, Temecula, CA 92592. Pu Oing may have information concerning prior art to the '819 patent.

17.    John Broglio – Mr. Broglio is believed to be located at 15993 Hampton Road, Hamilton, VA 20158. He may have information concerning prior art to the '819 patent.

18.    James P. Callan – Mr. Callan is believed to be located at 2467 Gloucester Drive, Pittsburgh, PA 15241. His office is believed to be located at Carnegie Mellon University, 5000 Forbes Avenue, 4502 Newell Simon Hall, LTI, Pittsburgh, PA 15213. Mr. Callan may have information concerning prior art to the '819 patent.

19.    Carolyn J. Crouch – Ms. Crouch is believed to be located at 60 E. Kent Road, Duluth, MN 55812. Her office is believed to be located at the University of Minnesota - UMD-Computer Science, 320 H H, 10 University Dr., Duluth, MN 55812. Ms. Crouch may have information concerning prior art to the '819 patent.

20. Bokyung Yang – Ms. Yang is believed to be located at 669 Manomin Ave., Saint Paul, MN 55107. She may have information concerning prior art to the '819 patent.

21. Haruo Kimoto – Dr. Kimoto is believed to be located at the Department of Visual Information Design, School of Design and Architecture, Nagoya City University, 2-1-10, Kita-Chikusa, Chikusa-ku, Nagoya, 464-0083, JAPAN, telephone number +81 52 721 5211. He may have information concerning prior art to the '819 patent.

22. Toshiaki Iwadera – The location of Toshiaki Iwadera, who may have information concerning prior art to the '819 patent, is unknown.

23. Vincent E. Guiliano – The location of Vincent E. Guiliano, who may have information concerning prior art to the '819 patent, is unknown.

24. Paul E. Jones – The location of Paul E. Jones, who may have information concerning prior art to the '819 patent, is unknown.

25. Michael E. Lesk – Dr. Lesk is located at Room 306, SCILS Building, Rutgers University, 4 Huntington Street, New Brunswick, NJ 08901. He may be contacted only through Google's counsel in this case. Dr. Lesk may have information concerning prior art to the '819 patent.

26. Andrew J. Hanson – Dr. Hanson is believed to be located at 915 S. Highland Ave., Bloomington, IN 47401. His office is believed to be located at Lindley Hall 215, Indiana University, Bloomington, IN 47405. Dr. Hanson may have information concerning prior art to the '785 patent.

27. Lynn H. Quam – Dr. Quam is believed to be located at 3150 Olalla Rd Winston, OR 97496, telephone number (541) 679-1459. He may be contacted only through Google's counsel in this case. He may have information concerning prior art to the '785 patent.

28. Robert E. Holzman – Mr. Holzman is believed to be located at 3139 Calle Viento, Carlsbad, CA 92009-7628. He may have information concerning prior art to the '785 patent.

29. Jim Blinn – Mr. Blinn is believed to be located at 8020 Evergreen Lane, Mercer Island, WA 98040. He may have information concerning prior art to the '785 patent.

30. N.W. Isaacs – The location of N.W. Isaacs, who may have information concerning prior art to the '785 patent, is unknown.

31. M.R. Taylor – The location of M.R. Taylor, who may have information concerning prior art to the '785 patent, is unknown.

32. Cary B. Phillips – Dr. Phillips is believed to be located at 196 Marine Blvd., Moss Beach, CA 94308. His office is believed to be located at

Industrial Light and Magic in San Francisco, California. Dr. Phillips may have information concerning prior art to the '785 patent.

33.     Norman I. Badler – Dr. Badler is located at the Computer and Information Science Department of the University of Pennsylvania, Levine 304, 3330 Walnut Street, Philadelphia, PA 19104-6389. He may be contacted only through Google's counsel in this case. Dr. Badler may have information concerning prior art to the '785 patent.

34.     One or more current or former employees of the Evans & Sutherland company. Such a person (or persons) may have information concerning prior art to the '785 patent.

35.     Ivan Sutherland – Dr. Sutherland is believed to be located at 455 Arlington Ave., Berkeley, CA, 94707. He is believed to be a retired professor from the Computer Science Department at the University of Utah in Salt Lake City, Utah and a founder of Evans & Sutherland. His office is believed to be located at Sun Microsystems, 16 Network Circle, Menlo Park, CA 94025. Dr. Sutherland may have information concerning prior art to the '785 patent.

36.     Bruce Artwick – Mr. Artwick is believed to be located at 438 County Road 2600 N., Mahomet, IL 61853. He may have information concerning prior art to the '785 patent.

37.     Eric A. Bier – Dr. Bier is believed to be located at 260 Parkside Drive, Palo Alto, CA, 94306. His office is believed to be located at PARC Incorporated, 3333 Coyote Hill Road, Palo Alto, CA 94304 USA. Dr. Bier may have information concerning prior art to the '785 patent.

Google does not consent to or authorize communication by Plaintiffs with any of Google's current or former officers, employees, attorneys, agents or consultants. Google reserves the right to modify or supplement the foregoing list and to seek discovery from or relating to persons that may subsequently be identified as likely to have discoverable information relevant to the disputed facts, as additional information becomes known. Google also reserves the right to designate and/or call further witnesses at trial, including witnesses designated by Plaintiffs in their initial disclosures or called by Plaintiffs at trial.

## V.    Relevant Documents and Tangible Things

### A.    Document Categories

Upon entry of an appropriate protective order, or in compliance with the Federal Rules of Civil Procedure, or Local Rules or Patent Rules of this Court, Google will make available the following categories of relevant, non-privileged documents for inspection or copying.  These disclosures do not constitute an admission of the existence or possession of any document in any category below, and do not preclude the possibility that Google may rely on documents, electronically-stored information or tangible things obtained from Plaintiffs or any third party through discovery to support any claim or defense. Google may use the following categories of documents, electronically-stored information, and tangible things in its possession, custody or control to support its claims or defenses:

1. The patent prosecution histories for the IP Patents;

2. Prior art to the IP Patents;

3. Documents relating to Plaintiffs;

4. Documents relating to the development, use, marketing, and sale of the Accused Instrumentalities;

5. Documents containing financial information relating to the Accused Instrumentalities.

### B.    Document Location

The documents listed above, if in existence and in Google's possession, are located at Google's offices in Mountain View, California.

### C.    Computation of Damages

Google is not currently able to compute the exact amount of attorneys' fees it seeks to recover pursuant to 35 U.S.C. § 285.

## VI.    <u>Insurance Agreement</u>

There is no insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered against Google in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

## VII.    <u>Settlement Agreements Relevant to the Subject Matter of this Action</u>

Google is unaware of any settlement agreements relevant to the subject matter of this action.

## VIII.    <u>Any Party's Statement to the Litigation</u>

Google is unaware of any statement of any party relevant to any claim or defense in this litigation.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Dated:  December 2, 2009                    By: /s/ Elizabeth Rogers Brannen

David J. Beck
Texas Bar No. 00000070
dbeck@brsfirm.com
Michael E. Richardson
Texas Bar No. 24002838
mrichardson@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)

Mark G. Matuschak (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (Fax)

John M. Hintz (admitted *pro hac vice*)
Victor F. Souto (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800
(212) 230-8888 (Fax)

Elizabeth I. Rogers (admitted *pro hac vice*)
Anna T. Lee (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, CA 94304
(650) 858-6042
(650) 858-6100 (Fax)

**ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIM PLAINTIFF GOOGLE
INC.**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing document was served in compliance with the Federal Rules of Civil Procedure by the method of service indicated on this 2nd day of December, 2009 to:

        T. John Ward
        jw@jwfirm.com
        Jack Wesley Hill
        wh@jwfirm.com
        Ward & Smith
        111 W. Tyler St.
        Longview, TX 75601
        Telephone:    (903) 757-6400
        Facsimile:    (903) 757-2323
        ***Via Electronic Mail***

        Eric M. Albritton
        ema@emafirm.com
        Attorney at Law
        P.O. Box 2649
        Longview, TX 75606
        Telephone:    (903) 757-8449
        Facsimile:    (903) 758-7397
        ***Via Electronic Mail***

        Raymond P. Niro
        rniro@nshn.com
        Joseph N. Hosteny
        hosteny@nshn.com
        Arthur A. Gasey
        gasey@nshn.com
        Paul C. Gibbons
        gibbons@nshn.com
        Douglas M. Hall
        dhall@nshn.com
        David J. Mahalek
        mahalek@nshn.com
        Niro, Scavone, Haller & Niro
        181 West Madison, Suite 4600
        Chicago, IL 60602
        Telephone:    (312) 236-0733
        Facsimile:    (312) 236-3137
        ***Via Electronic Mail***

          /S/
        Elizabeth Rogers Brannen