UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IP INNOVATION L.L.C. AND<br>TECHNOLOGY LICENSING CORPORATION,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>　　　　　　Defendant. | §<br>§<br>§<br>§<br>§　CASE NO. 2:07CV-503-RRR<br>§<br>§　JURY TRIAL REQUESTED<br>§<br>§<br>§ |

## GOOGLE INC.'S OPPOSITION TO IP INNOVATION'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)

Pursuant to the Court's Order Dated January 15, 2010, Defendant Google Inc. ("Google") respectfully files this opposition to IP Innovation's Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c). Counsel for the parties met and conferred prior to the deposition of Chris Smith, which proceeded, as noticed, on January 15, 2010. Based on those discussions, it is Google's understanding that the parties will continue to meet and confer to determine whether they can resolve the Plaintiffs' objections to the use at trial of Mr. Smith's deposition testimony, including the single document and statements, he authenticated, and that Plaintiffs filed their Motion for a Protective Order in the District of Oregon only to preserve their rights under Fed. R. Civ. P. 32(a)(5)(A). Accordingly, Google respectfully asks this Court to permit the parties to submit any further briefing regarding disputes concerning Mr. Smith's deposition, if necessary, along with other motions *in limine*. In the alternative, Google submits that Mr. Smith's deposition did not impose any undue burden or prejudice the Plaintiffs, and respectfully requests to be permitted to use Mr. Smith's authenticating deposition testimony and the underlying document, GGL-0002393-94 (Exh. A), at trial.

1

## BRIEF FACTUAL BACKGROUND AND ARGUMENT

On January 5, 2010, Google served on counsel for IP Innovation L.L.C. and Technology Licensing Corporation (together "IP Innovation" or "Plaintiffs") its notice that it would be serving a subpoena for testimony on Chris Smith, and served Mr. Smith with the subpoena later that day. Because discovery closed on January 15, Google noticed Mr. Smith's deposition for January 15, in Portland, Oregon. This Court had not yet issued (and the parties had not yet finalized and submitted their joint motion requesting) its Order permitting depositions to be taken after January 15, 2010. (*See* ECF Document No. 109.) As a result, Google provided Plaintiffs with 10 days notice before the noticed deposition date.

On January 8, IP Innovation's counsel inquired into the purpose of Mr. Smiths' deposition. Google's counsel responded that it would withdraw the deposition subpoena to Mr. Smith if IP Innovation would stipulate to the authenticity, and admissibility into evidence at trial, of a case study from Google's website describing the purchase of the Google Search Appliance by Xerox Corp. ("Xerox"). (GGL-0002393-94, Exh. A). The case study contains statements made my Mr. Smith, a Xerox employee.

On January 12, counsel for the parties meet and conferred telephonically regarding Mr. Smith's deposition, amongst other issues. Google's counsel reiterated that the purpose for Mr. Smith's deposition was to authenticate statements made by Mr. Smith in a single, two-page document. Google's counsel indicated that they anticipated that Mr. Smith's deposition would be brief, and offered to reschedule it. During that call, IP Innovation's counsel indicated that they would proceed to file a motion seeking a protective order in the district court for the District of Oregon to preserve IP Innovation's rights to object to the deposition, but that they did not intend to interfere with the deposition proceeding on the originally noticed date, and that they would continue to consider, and the parties would meet and confer at a later date to determine whether they could resolve IP Innovation's objections.

Google deposed Mr. Smith on January 15, 2010 in Portland, Oregon. (*See* Chris Smith Rough Tr. (January 15, 2010), Exh. B). Kristin M. Ingram, an attorney for Xerox Corp.,

2

represented Mr. Smith. The deposition lasted 27 minutes, and Mr. Smith did, in fact, authenticate his statements from the Xerox case study.

Google's counsel will continue discussions with IP Innovation's counsel to attempt to resolve any objections IP Innovation has to the use at trial of Mr. Smith's testimony and the underlying document, GGL-0002393-94 (Exh. A). Google respectfully requests that the parties be permitted to submit any briefing concerning objections or disputes they are unable to resolve along with the other motions *in limine*, which are due March 1, 2010. In the alternative, Google respectfully submits that Mr. Smith's deposition did not impose any undue burden or prejudice on IP Innovation. Accordingly, Google respectfully requests to be permitted to use Mr. Smith's authenticating deposition testimony and the underlying document, GGL-0002393-94 (Exh. A), at trial.

Dated: January 21, 2010

Respectfully submitted,

By: /s/ David J. Beck

David J. Beck
Texas Bar No. 00000070
dbeck@brsfirm.com
Michael E. Richardson
Texas Bar No. 24002838
mrichardson@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)
Mark G. Matuschak (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (Fax)

John M. Hintz (admitted *pro hac vice*)
Victor F. Souto (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800
(212) 230-8888 (Fax)

Elizabeth Rogers Brannen (admitted *pro hac vice*)
Anna T. Lee (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, CA 94304
(650) 858-6042
(650) 858-6100 (Fax)

ATTORNEYS FOR DEFENDANT AND
COUNTER-CLAIM PLAINTIFF GOOGLE INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ Michael E. Richardson
Michael E. Richardson

US1DOCS 7420501v1